Smith, C. J.
(after stating the case). It is manifest that if the-plaintiff knew, or such facts came to his knowledge as ought to have put him on inquiry, or which, if prosecuted, would have conveyed the-information, before he purchased the security, of the $4,000 partial payment received by the payee from the defendant Douglas, with the-express agreement that it should be appropriated to the note, and be-entered as a credit thereon, he would take it cum o$.ere, and the deposit left in the bank would operate as a discharge of . the maker. If the plaintiff had no such knowledge, actual or constructive, the note and» coupons, not being due, would pass into his hands, as if no such, partial payment had been made. The possession of this information by Decker,. se'em8 not to have been questioned, but the evidence offered to prove the fact was objected to by the plaintiff’s counsel, as incompetent to affect the rights transmitted in the endorsement to him, and was-admitted by the court, with the declaration that it w;ould be with *655 •drawn from the jury, unless the plaintiff’s connection with it should be afterwards shown. This evidence was not afterwards withdrawn from the jury, and the plaintiff’s counsel insisted then, as he does now, that it had not been shown that the plaintiff had direct or constructive notice of the payment to Keogh; and that the notice to Decker was not notice to the plaintiff, unless the former was the agent of the latter, of which no proof had been offered.
The controversy is thus narrowed down to a single inquiry, whether the plaintiff had information himself, or is chargeable with that possessed by Decker.as his agent or attorney, which, if properly followed up, as a prudent man of business i.n the management of his affairs is expected to do, would have led to the discovery of the payment and the equity that springs from it.
Was there any such evidence laid before the jury which could warrant their verdict ? The deed at first conveyed five acres of land, two and a half of which were relieved of the trust, and this the plaintiff ascertained before his purchase, and also examined the land itself. In his testimony, he said he did not himself examine the abstract of title, adding, “I understood my attorney examined it,” and when asked “ Who?” replied, I instructed Mr. Decker to do so ” Yet, in answer to the question, “ Was be acting as your attorney at that time V he said, “No, sir; but he has been my attorney in several transactions. This was only an investment I made.”
He testifies that he understood that Decker was selling for Keogh, and his recollection is that the draft he gave in payment was in favor of Keogh ; that he told Decker to collect the notes, and directed him “ to bring suit on the coupon in North Carolina.”
While thus speaking the witness denies positively that Decker was his agent, or that he had information of the $4,000 payment.
The testimony of Decker, an attorney at law, is to the effect that he negotiated the -sale, and did not mention any infirmities or equities which could affect the title to the notes assigned to the plaintiff, nor did he know or hear from any one that any such existed.
The plaintiff’s evidence is somgwhnt confused, yet we cannot say that his knowledge.of a diminution in value of the security by one-half, and for no apparent reason, would not suggest some correspondent reduction in the secured debt, which would put a prudent man on inquiry as to the reason of the withdrawal of half of the land. Nor is it clear that Decker did not act as well for the endorsee as for the endorser in bringing about the transfer.
Slight though the evidence might be, it would derive some force from the conflicting statements of the plaintiff himself as to the agency *656 of Decker, and whether he did not act for both the contracting parties-in the sale.
Again, Decker, in reference to his being the plaintiff's attorney, says, “ I can’t say that I am his general attorney and adviser. . . . I have done a good deal of business for him. ... At the time the paper was sold to him I was his attorney in some matters,'and I knew of his having other suits in which I was not his attorney.”
We cannot sustain the plaintiff’s contention that there was no evidence of the agency of Decker, exercised on behalf of the plaintiff in the transaction under examination, of the sufficiency of which to establish the fact the jury alone are the judges.
’ Nor-do we propose to re-enter the field of controversy opened in the argument for the plaintiff, as to the extent to which information acquired by an agent or attorney, before and outside of the sphere of his agency, is to affect his principal, since we have so recently laid down the principle which governs, in Dupree vs. Insurance Company, 92 N. C., 417, and we see no reason for departing from it.
“ Constructive notice from the possession of the means of knowledge,” remarks Ruffin, C. J., “ will have that effect (‘convert one into a trustee,’) although the party were actually ignorant, but ignorant merely because he would not investigate. It is well settled that if anything appears to a party calculated to attract attention or stimulate inquiry, the person is affected with knowledge of all that the inquiry would have disclosed.” Bunting vs. Ricks. 2 D. & B. Eq., 130; 2 Pom. Eq. Jur., § 608.
While the evidence which connects Decker with the plaintiff as his agent, in the negotiation,.is very slight, and in opposition to repeated averments from both in their depositions, that he was not, in support of which the purchase at full value is strong confirmatory evidence, Decker was such attorney for the plaintiff.in many matters, was intrusted to collect the present demand, and, though denied by him, the defendant’s testimony tends to prove that he was fully informed of the part payment early in 1880, and yet he disposes of the security to the plaintiff, without any intimation of this fact, and as a claim, upon which the whole amount expressed upon its,faoe tobe due, was in truth-due.
But of the relations of the agent, intermediate between the seller and purchaser, the jury were the judges Upon the evidence, and there was some such, as in the examination of the abstract of title and the plaintiff’s employment of Decker to make it, and his proceeding with the collection of the claim in suit, of a larger agency in the negotiation itself.
*657 We do not, therefore, feel at liberty to interfere with a verdict rendered under this condition of the proofs, by declaring to be error the ruling that there was evidence proper to be passed on by the jury.
There is no error.
No error. Affirmed.